Rufus Dwinel & *al. versus* Alexander H. Howard & *al.*

Where a purchase has been made of a commodity, to be received at a future day, at a fixed price, payable at a specified time, the seller may rescind the contract, after a failure by the purchaser to pay the full purchase money at the stipulated time.

Where, under such a contract, the purchaser receives a part of the commodity, and pays to the seller a greater sum than that part, at the agreed rates, would amount to ; yet, if he fail to pay the residue at the stipulated time, the seller may, for such failure, rescind the contract as to the residue, and without liability to pay back any part of the amount which he had received.

Assumpsit on the *following* contract, dated March 31, 1842 : — " The said Howard & Page agree to sell and deliver to said Patten & Dwinel all the ice which is at the following places, viz: — about 230 cords at R. K. Page's ice house in Richmond, about 200 cords at Pittston, put up by John Jewett, and about 130 cords at hay-barn, so called, at Hallowell, in all about 560 cords. It is understood that said ice is to be made solid measure and to be measured by some person appointed by Gen. Greenlief White in case we do not agree upon the survey ourselves. Said ice to be measured immediately, and the surveyor to examine the ice occasionally, as it is being re-moved, and the survey completed according to the best of his

knowledge and judgment. But it is distinctly understood that the ice is to be wholly at the risk of said Patten & Dwinel both as to freshet, waste and fire.

" The said Patten & Dwinel on their part are to pay for said ice the sum of four dollars per cord as follows, viz : — $500 cash on delivery or exchange of instruments, and the balance one half in thirty and one half in sixty days, and if any of said ice is taken away sooner, then payment to be made as fast as taken.

" It is also understood that 75 tons, sold by Mr. Jewett at Pittston, is to come out of the quantity enumerated.

" It is understood that the $500 advanced is to go for the last ice received."

The matter was referred to referees, who awarded, that the defendants did not promise in manner and form as the plaintiffs in their declaration have alleged ; unless the Court upon the following statement of facts shall adjudge that the plaintiffs are entitled to recover ; and if such shall be the judgment of the Court, then said referees award and determine that the defendants did promise, &c., and that the plaintiffs recover of the defendants the sum of eight hundred and ninety dollars and $\frac{65}{100}$ as damages.

Report of facts : —

Benjamin Wales was authorized to measure the ice, and immediately after the contract was entered into and before any ice was received by plaintiffs, its contents were surveyed.

The whole quantity at the time of the survey was three hundred and fifty cords solid measure. The plaintiffs took and carried away two hundred and forty-seven and one half cords. The defendants retained, and sold on their own account, one hundred and two cords and one half. The plaintiffs paid the $500 in advance, also $600 on the 30th of April, 1842, and $125 on the 27th or 28th of May, 1842.

The defendants, both before and after the payment of the $125, and before the time of that payment, which by said contract was to be made in sixty days, refused to deliver to

the plaintiffs any more ice except on the payment of more money.

*Jewett & Crosby,* for plaintiffs.

Payment of part of price and the survey, vested the whole property in the plaintiffs. This is sufficient between vender and vendee. *Shumway* v. *Rutter,* 7 Pick. 56.

Title in the property is where the risk is. 2 Kent's Com. 498.

Payment of rent of warehouse makes a complete transfer of property. *Chapman* v. *Soule,* 3 Pick. 38; 1 Camp. 452; *Stone* v. *Hodges,* 14 Pick. 81.

Warehouse of vender became warehouse of vendee. *Barrett* v. *Goddard,* 3 Mason, 107.

Delivery of part, equivalent to a delivery of the whole to pass the property. *Macomber* v. *Parker,* 13 Pick. 175.

Where a party has received a part of the consideration for which he contracted, he is bound to perform his part of the contract; and the law leaves him to his remedy by action, to recover damages for any non-payment of the whole consideration. *Perdage* v. *Cole,* 1 Saund. 320; *Campbell* v. *Jones,* 6 Term R. 570; 1 Chitty's Pl. 313; *Dox* v. *Dey,* 3 Wend. 356.

If the day, appointed for the payment of money, was to happen or might happen, before the delivery of the property, the promises were independent; and if independent as to one party, they necessarily are so as to both. *Dox* v. *Dey,* 3 Wend. 356; 1 Saund. 320, n. 4; *Sears* v. *Fowler,* 2 Johns. 272; *Haven* v. *Bush, ibid.* 387; *Cunningham* v. *Merrill,* 10 Johns. 203; *Gage* v. *Coombs & trustees,* 7 Greenl. 394.

Words of a similar import as in the contract, viz: —"If any of said ice is taken away sooner, then payment to be made," &c., have received a judicial construction. *Campbell* v. *Jones,* 6 Term R. 570; *Tarling* v. *Baxter,* 6 B. & Cres. 360.

When mutual covenants go to a part only of the consideration on both sides, and a breach may be paid for in damages, the defendant has a remedy on his covenants, and cannot plead it as a condition precedent. Platt on Covenants, 79 to

96, cited in note to *Gardner* v. *Corson*, 15 Mass. 471 ; *Boone* v. *Eyre*, 1 H. Bl. 273 ; *Fothergill* v. *Walton*, 8 Taunt. 576 ; *Dox* v. *Dey*, before cited.

If a future day of payment be fixed by the contract, the seller waives his lien. Long on Sales, 150; Comyn on Con. 152 ; *Barrett* v. *Goddard*, 3 Mason, 107.

If defendants had a lien, they had no right to sell without notice to plaintiffs. Comyn on Con. 152 ; *Blexam* v. *Sanders*, 4 B. & C. 477 ; 7 East, 571 ; *Stearns* v. *March*, 4 Denio, 227.

After a wrongful sale, they may be treated as purchaser, agent or bailee. *Cummings* v. *Noyes*, 10 Mass. 436 ; 1 N. H. 151.

No demand necessary on agent, before action brought. *Coffin* v. *Coffin*, 7 Greenl. 298.

An absolute delivery of the property is a waiver of any condition antecedently made. *Hussey* v. *Thornton*, 4 Mass. 405 ; *Chapman* v. *Lathrop*, 6 Cowan, 110 ; *Carleton* v. *Sumner*, 4 Pick. 516 ; *Smith* v. *Dennie*, 6 Pick. 262 ; *Lupin* v. *Marie*, 2 Page, 169 ; 6 Wend. 77 ; 2 Kent's Com. 496.

After laches of plaintiff are known to defendant, he cannot treat the contract as subsisting and afterwards allege the laches as an excuse for non-performance on his part. *Thayer* v. *Wadsworth*, 19 Pick. 349 ; 7 Greenl. 70.

*J. E. Godfrey*, for defendants.

SHEPLEY, C. J.—The case is presented by an alternative report of referees, stating the facts proved before them.

The action appears to have been assumpsit, commenced by the plaintiffs to recover damages for a refusal by the defendants to perform a written contract made between the parties on March 31, 1842, for the sale and purchase of a quantity of ice. The defendants agreed to sell to the plaintiffs all the ice at certain places named, at the price of four dollars per cord. Five hundred dollars were to be paid on the execution of the contract, to be applied in payment " for the last ice received."

The balance was to be paid " one-half in thirty and one-half

Dwinel *v.* Howard.

in sixty days, and if any of the ice is taken away sooner, then payment is to be made as fast as taken."

Five hundred dollars were paid and accepted as the payment on the execution of the contract. Six hundred dollars were paid on April 30, 1842, and one hundred and twenty-five dollars were paid on May 27 or 28, 1842. The quantity of ice, was determined to be three hundred and fifty cords, by an admeasurement made by a person selected by the parties. The plaintiffs had received two hundred and forty-seven and one-half cords of it.

They did not fulfil the contract on their part by paying for the whole of the ice in sixty days. Nor had they paid according to the contract as fast as they had taken the ice away. Under these circumstances the defendants refused to deliver the residue of the ice without payment for it.

When payment is by agreement to be made for goods sold, at the time of delivery, they do not become the property of the purchaser unless payment be made or tendered, or there be a waiver of the right to exact it. *Houdlette* v. *Tallman,* 14 Maine, 400 ; *Levin* v. *Smith,* 1 Denio, 243.

If the defendants may be considered to have waived their right to claim payment on delivery, so far as it respects the quantity delivered, still the plaintiffs, to be entitled to exact performance by a delivery of the residue, should have paid for the whole quantity of ice within the sixty days. This they failed to do. Having failed on their own part to perform, they cannot recover damages of the defendants for refusing to deliver the residue of the ice. Nor can they recover back the money paid in part execution of the contract. *Appleton* v. *Chase,* 19 Maine, 74.

The report of the referees in favor of the defendants, is accepted.

Note. — Wells, J. was not present at the argument, and took no part in this decision.