By the Court.—Horace Russell, J.
[After stating the facts as above.]—On the argument of this appeal, two questions were presented by the appellant as grounds for reversal. It was claimed, first, that the court below erred in denying the defendant’s motion for a nonsuit, made on the ground that the moneys claimed were, by the terms of the agreement between the parties, forfeited to the defendant, by reason of the plaintiff’s failure to take away the coal purchased, during the month of October ; and, second, that the verdict was against the weight of evidence.
It was undoubtedly an express condition of the contract between the parties that the coal purchased should be removed during the month of October. This was a condition precedent, upon which the defendant would have had a right to insist, had it chosen at the proper time to assert it (Higgins v. D. L. & W. Co., 60 N. Y. 557). But it was not bound to insist upon this condition precedent. It had the power and the right to waive it, if it chose. Without considering whether *124 there was or was not an express waiver—as to which there was a conflict of testimony—we think that the subsequent acts of the defendant in delivering coal in November and February, constituted a waiver of the condition precedent.
Indeed, it was held in Simpson v. Crippen (L. R. 8 Q. B. 14), where the defendants had agreed to supply the plaintiff with six to eight thousand tons of coal, to be delivered in the plaintiff’s wagons at the defendant’s colliery, “in equal monthly quantities during the period of twelve months from the first of July next,” and during the month of July the plaintiff sent wagons for only one hundred and fifty-eight tons, whereupon, on August 1, the defendants wrote that the contract was canceled on account of the plaintiff’s failure to send for the full monthly quantity in the preceding month, that, although the plaintiff had committed a breach of the contract by failing to send- wagons in sufficient number the first month, the breach was a good ground for compensation, but did not justify the defendant in rescinding the contract. To the same effect is Haines v. Tupper (50 N. H. 307). It would seem to be the theory of these cases that a part performance of such a contract, entire in its nature, so far satisfied the condition precedent as to take away the right of a party to rescind, and left him only to his damages for non-performance (See also Sumner v. Parker, 36 N. H. 449, and Dwinelle v. Howe, 30 Me. 258). We are not required to go as far as the court went in those cases.
The defendant here had a right of election in the matter, after breach of the condition precedent, but having-exerciSed that right by electing to consider the contract as still binding and in full force, they could not recall their election and adopt a different view (Quick v. Wheeler, 78 N. Y. 300, and cases below). That the coal delivered in November and February ought to be *125 regarded, as a delivery upon the contract, McKnight v. Dunlop (1 Seld. 537) is a sufficient authority. If it be said that the waiver was without consideration and, therefore, liable to be recalled at any time, it may be said in reply that the acceptance of coal by the plaintiff after the waiver, when coal had decreased in price, was a sufficient consideration to require that the waiver of performance within the time fixed should be upheld (Gallagher v. Nichols, 60 N. Y. 448; Clark v. Jones, 1 Den. 516; Platt N. Y. Co. Ins. Co., 55 N. Y. 505).
There was at no time, on the part of the defendant, an assertion of the right of forfeiture until the answer was interposed in this action. They placed themselves upon the sole ground that the deposit had not in fact-been paid. This ground of objection to the judgment, then, must fail.
As to the second ground on which a reversal is claimed—that the verdict was against the weight of evidence—while we may go the length of saying we should have been better satisfied with a verdict for the defendant, in view of the facts tending to impeach the plaintiff’s recollection, still, there was a direct conflict of testimony, which made the case one peculiarly for a jury. The Credibility of conflicting witnesses was the main thing to be determined. In such a case the verdict of a jury ought not to be upset, unless the court can clearly see that they were influenced by passion, prejudice, mistake or corruption, or was so against a striking preponderance of evidence, that a common exercise of judgment demands its reversal (Morss v. Sherrill, 63 Barb. 21 ; Roosa v. Smith, 17 Hun, 138).
There is nothing in this case to lead us to suppose that the jury were influenced by any improper considerations, and we cannot say that their verdict was so clearly against the weight of evidence as to justify us in disturbing it.
*126 The result is, the judgment must be affirmed with costs.