THOMAS F. SEAL, EXECUTOR, v. FARMERS & MERCHANTS INSURANCE COMPANY.

FILED NOVEMBER 9, 1899.   No. 9,005.

1. **Insurance: FAILURE TO DISCLOSE EXISTENCE OF LIENS.** When an application for an insurance policy is oral and no inquiry is made as to the character and condition of the title to the property to be insured, a failure to disclose the existence of incumbrances will not, in the absence of fraud, avoid the policy.

2. ———: **MISSTATEMENT IN APPLICATION.** A misstatement, in an application for a policy of insurance, of a material fact, inducing the acceptance of the risk, will avoid the policy.

3. ———: ———: **INCUMBRANCES.** A misrepresentation as to the amount of incumbrance upon property sought to be insured, where the policy is conditioned that it will be void if the property be mortgaged or otherwise incumbered without notice to, and consent of, the company indorsed thereon, will, in the absence of a waiver, avoid the policy.

ERROR from the district court of Lancaster county. Tried below before CORNISH, J. *Affirmed.*

*A. W. Scott*, for plaintiff in error.

References: *Billings v. German Ins. Co.*, 34 Nebr., 502; *Preston Nat. Bank v. Michigan Mutual Fire Ins. Co.*, 73 N. W. Rep. [Mich.], 815; *Harding v. Norwich Union Fire Ins. Co.*, 71 N. W. Rep. [S. Dak.], 755; *Home Fire Ins. Co. v. Phelps*, 51 Nebr., 623; *Bellevue Roller Mill Co. v. London & Liverpool Fire Ins. Co.*, 39 Pac. Rep. [Idaho], 196; *Hartford Fire Ins. Co. v. Josey*, 25 S. W. Rep. [Tex.], 685; *Bergeron v. Pamlico Ins. & Banking Co.*, 15 S. E. Rep. [N. Car.], 883; *Slobodisky v. Phenix Ins. Co.*, 52 Nebr., 395; *Home Fire Ins. Co. v. Fallon*, 45 Nebr., 556; *Fitchner v. Fidelity Mutual Fire Ass'n*, 72 N. W. Rep. [Ia.], 530; *Phœnix Ins. Co. v. Ward*, 26 S. W. Rep. [Tex.], 763; *Hanover Fire Ins. Co. v. Bohn*, 48 Nebr., 743; *Ætna Ins. Co. v. Simmons*, 49 Nebr., 811; *Kettenbach v. Omaha Life Ass'n*, 49 Nebr., 842.

*Halleck F. Rose* and *Wellington H. England, contra:*

A breach of the policy stipulation against incumbrances was shown conclusively and without contradiction, and on this ground the direction of a verdict for the company should be upheld. See *Johansen v. Home Fire Ins. Co.*, 54 Nebr., 548; *Byers v. Farmers Ins. Co.*, 35 O. St., 606; *Hutchins v. Cleveland Mutual Ins. Co.*, 11 O. St., 477; *Hayward v. New England Mutual Fire Ins. Co.*, 10 Cush. [Mass.], 444; *Brown v. People's Mutual Ins. Co.*, 11 Cush. [Mass.], 280; *Jacobs v. Eagle Mutual Fire Ins. Co.*, 7 Allen [Mass.], 132; *Falis v. Conway Mutual Fire Ins. Co.*, 7 Allen [Mass.], 46; *Indiana Ins. Co. v. Brehm*, 88 Ind., 578; *Stevens v. Queen Ins. Co.*, 21 Ins. L. J. [Wis.], 443.

The grounds of forfeiture were not known to the company when the policy was issued; and proof of waiver was not sufficient to warrant a submission of the cause to the jury. See *German Ins. Co. v. Heiduk*, 30 Nebr., 288; *Home Fire Ins. Co. v. Wood*, 50 Nebr., 381; *Hughes v. Insurance Co. of North America*, 40 Nebr., 626; *Slobodisky v. Phenix Ins. Co.*, 52 Nebr., 395; *Farmers & Merchants Ins. Co. v. Graham*, 50 Nebr., 818.

SULLIVAN, J.

This was an action by Lydia G. Seal against the Farmers & Merchants Insurance Company to recover on a fire policy. The jury, in obedience to a peremptory instruction, found the issues in favor of the defendant, and a motion for a new trial having been denied, judgment was rendered on the verdict. The insured property, a dwelling-house in the city of Lincoln, was, at the date of the policy, owned by Harriet A. Coffman, and incumbered by a first mortgage in favor of the plaintiff for $2,300, and by a second mortgage in favor of J. H. McMurtry for $2,200. W. B. Seal, the plaintiff's agent, was engaged in the business of loaning money on real estate, and was in the habit of applying to the defendant's agent, B. W. Richards, for insurance to protect his loans. On July 19, 1894, Seal called on Richards, and made a verbal application for a policy on the Coffman property. What then transpired pertinent to the question here considered, is shown by the following testimony of Richards:

"Q. What inquiry did you make about incumbrance and what did Mr. Seal state to you about incumbrance?

"A. Why, I asked Mr. Seal this question, as I do invariably, for the amount of incumbrance upon the property, and he said it was $2,300. I think I asked him who the policy should be made payable to, and he said to Lydia G. Seal and J. H. McMurtry."

This testimony is not disputed. Neither is it claimed that there was any disclosure of the $2,200 mortgage, or that the company knew of its existence before the loss occurred. The policy provides that "if the property above mentioned, or any part thereof, be, or shall hereafter become, .mortgaged or otherwise incumbered, * * * without notice to, and consent of, this company indorsed hereon, then and in every such case this policy shall be void." It is shown conclusively that E. A. Becker, the secretary and examiner of the company, was influenced to accept the risk, and issue the policy by the

representation that the incumbrance on the property was $2,300. He testified that, under the rules of the company, the risk would have been declined had the actual amount of the incumbrance been disclosed. What is commonly known as the "loss payable clause" is as follows: "Notice accepted of an incumbrance of $2,300 on premises herein described. Loss, if any, under this policy first payable to Lydia G. Seal, mortgagee, as her interest may appear. After the interest of Lydia G. Seal as mortgagee has been satisfied, loss, if any, payable to Jas. H. McMurtry, or assigns, mortgagee, as his interest may appear." The plaintiff contends that this clause advised the company that both she and McMurtry had mortgage liens on the property, and that, therefore, the representation in regard to the incumbrance should be construed as having reference to, and covering only the plaintiff's mortgage. We are not able to accept this view of the matter. The policy was issued at the instance of W. B. Seal, and the quoted testimony gives no indication, we think, that he intended to convey to the insurer the idea that the incumbrance mentioned was owned exclusively by his principal. The just interpretation is that the sum named was intended to cover all liens to which the property was subject. As there was nothing said about the amount of either mortgage, the natural inference would be that the aggregate of both liens was $2,300. There is nothing to show that the misstatement with respect to the incumbrance was fraudulently made, and we assume that it was the result of an honest mistake on the part of Mr. Seal. The question then is whether, under the conceded facts, the misrepresentation rendered the contract void. It has been held that when the application is oral, and no inquiry is made as to the character or condition of the title, mere silence will not avoid the policy. See *Insurance Co. of North America v. Bachler*, 44 Nebr., 549; *Hanover Fire Ins. Co. v. Bohn*, 48 Nebr., 743; *Slobodisky v. Phenix Ins. Co.*, 53 Nebr., 816. But we know of no case holding that the misstatement of a material fact, inducing the ac-

ceptance of the risk, will not vitiate the contract. When the insurer makes inquiry about facts material to the risk, he is justified in acting on the assumption that the information imparted by the applicant for insurance is correct. He is entitled to know whether the property to be insured is incumbered, and if so, to what extent, so that he may act intelligently in determining whether he will accept or decline the risk. The representations of the applicant become the basis of insurance, and if they be false, touching matters material to the risk, the contract obtained through their influence can not be enforced; and it is, in such case, quite immaterial whether the misstatement resulted from bad faith or from accident or ignorance. See *Davenport v. New England Ins. Co.*, 6 Cush. [Mass.], 340; *Hayward v. New England Mutual Fire Ins. Co.*, 10 Cush. [Mass.], 444; *Brown v. People's Mutual Ins. Co.*, 11 Cush. [Mass.], 280; *Jacobs v. Eagle Mutual Fire Ins. Co.*, 7 Allen [Mass.], 132; *Anderson v. Fitzgerald*, 4 H. L. Cas. [Eng.], 484; *Byers v. Farmers Ins. Co.*, 35 O. St., 606; *Ryan v. Springfield F. & M. Ins. Co.*, 46 Wis., 671; *Glade v. Germania Fire Ins. Co.*, 56 Ia., 400.

Our conclusion is, that the company was induced to issue the policy in suit by the false representation as to a material fact connected with the subject-matter of the contract; that the condition against undisclosed liens was broken, and that the district court was, therefore, right in directing a verdict for the defendant. Since this conclusion leads to an affirmance of the judgment, other questions discussed by counsel need not be considered. The judgment is

AFFIRMED.