## NATIONAL SURETY CO. v. LONG.

(Circuit Court of Appeals, Eighth Circuit. November 23, 1903.)

No. 1,883.

1. CONTRACT—ACTION FOR BREACH—CARE OR NEGLIGENCE OF OBLIGOR.
   The care or negligence with which an obligor, who failed, sought to perform his contract, is no defense to an action for its breach. The only test of the right to recover is the existence of the breach of the covenant upon which the action is based.

2. SAME—CONSTRUCTION.
   Under an agreement that a contractor shall complete a building by the 1st day of September, 1901, and that in case of a failure to finish it by September 15, 1901, he shall pay damages at the rate of $5 for each day after that date until the building is finished, the time for the completion of the structure is September 1, 1901.

3. SAME—IMMEDIATE NOTIFICATION.
   "Immediately" means before the happening of other events—forthwith. A covenant to notify a surety of the default of his principal immediately is not performed by mailing a notice 11 days after the known default.

4. SAME—WARRANTIES AND CONDITIONS PRECEDENT—EFFECT OF BREACH.
   The immateriality of a warranty or of a condition precedent made by the agreement of the parties, and the innocuousness of a failure to perform it, do not nullify or mitigate the fatal effect of such a failure prescribed by their agreement.

5. PRINCIPAL AND SURETY—RELEASE OF SURETY.
   A surety is discharged if a condition known to the obligee, upon which the surety agreed to be bound, is not complied with.

6. CONTRACT—PARTY IN DEFAULT CANNOT RECOVER.
   He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for a subsequent failure on his part to perform it.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

On May 23, 1901, Thomas Lee Humphreys made a written contract with E. A. Long, the plaintiff below, to construct and complete a brick building for him by September 1, 1901, for the sum of $6,600. On May 28, 1901, Humphreys, as principal, and the National Surety Company, a corporation, the defendant below, as surety, executed and delivered to Long a bond whereby they covenanted that Humphreys should perform his contract, and save the obligee and the property from liens and loss, on the condition that the liability of the surety should be limited by, and be subject to, the conditions precedent written into the bond. The principal failed to complete and abandoned the building on September 9, 1901, and on the same day he left for parts unknown. The plaintiff notified the surety company of this fact on September 12, 1901, and demanded that it should finish the building, and pay the damages which he had sustained by the default of the contractor. The surety company declined to do this. Thereupon the plaintiff finished the building at a cost of $3,037.44 more than the contract price. He then sued the surety company for its alleged breach of the condition of the bond, and recovered a

verdict and judgment against it in the court below for $3,126. The writ of error in this case has been sued out to reverse this judgment.

Robert A. Holland (J. E. McKeighan and M. F. Watts, on the brief), for plaintiff in error. .

E. A. McCulloch (S. H. Mann, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and HOOK, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

One of the defenses of the surety company, and the only one that it will be necessary to notice in this court, was that the plaintiff below failed to comply with the third and fourth paragraphs of the bond, which by its terms constituted conditions precedent to the liability of the defendant. In so far as these paragraphs are material in this case, they read in this way:

"If, at any time, the above-named principal shall, in any manner, fail, neglect or refuse to keep, do or perform, any matter or thing at the time and in the manner in said contract set forth and specified to be by said principal kept, done or performed, the obligee shall immediately so notify the company in writing, by registered letter, prepaid, addressed to the company, at its principal offices in the City of New York."

"If, at any time, it appears that the above-named principal has abandoned the work, or will not be able, or does not intend, to carry out or perform the contract, the obligee shall immediately so notify the company in writing, by registered letter, prepaid, addressed to the Company, at its principal offices in the City of New York, and the company shall have the right at its option, to assume such contract and to sublet or complete the same, and, if it so elect, all moneys due, or to become due thereafter, under said contract, including percentages agreed to be withheld until completion, shall, as the same shall become due and payable under the terms of said contract, be paid to the company, regardless of any assignment or transfer thereof by the principal."

The contract contained this stipulation:

"The said party of the second part agrees to complete said building by the first day of September, 1901, and the said party of the second part further agrees that in case he fails to complete said building by the fifteenth day of September, 1901, shall pay to the said party of the first part, as liquidated damages, the sum of five dollars for each and every day or part of a day that said building remains incompleted after the said time, that sum being the actual loss occurring to the said party of the first part by said delay."

The uncontradicted evidence was that on September 1, 1901, the plaintiff knew that the contractor, Humphreys, would not be able to, and that he had already failed to, perform his contract in the time and manner specified therein. He knew that the building then lacked roof, doors, windows, plastering, and floors. Nevertheless he never notified the surety company of any of these facts until September 12, 1901, three days after Humphreys had abandoned his contract and absconded.

In one of the paragraphs of the bond, which precedes the conditions that have been quoted, this stipulation is found:

"This bond is executed by the company as surety on condition that its liability shall be limited by, and subject to, the conditions and provisions here-

inafter contained, which shall be conditions precedent to the right of the obligee to recover hereunder, anything in said contract to the contrary notwithstanding."

Moreover, the eleventh paragraph of the bond reads:

"The failure, neglect or refusal of the obligee to keep, strictly observe, and fully perform, any matter or thing in this bond or in said contract stipulated and agreed to be done, kept or performed by the obligee, at the time and in the manner specified, shall relieve the company from all liability under this bond."

In this state of the case, the circuit court refused to instruct the jury to return a verdict for the defendant, and charged them that the time fixed by the contract for the completion of the building was September 15, 1901; that, if the plaintiff gave the notice of the inability or failure of the contractor to perform his contract to the surety company in such time as a man of ordinary prudence would have given it under similar circumstances, they might return a verdict in his favor, but that, if he was guilty of negligence in this matter, their verdict should be for the defendant. The surety company excepted to these rulings, and it has assigned them as error.

The care or negligence with which an obligor, who fails, seeks to perform his contract, is no defense to an action for damages for his failure. The only test of the right to recover in such an action is the existence of the breach of the covenant. It is no answer to an action for a failure to pay a promissory note that the maker, although he paid no part of it, exercised all the care to pay it that a person of ordinary prudence in similar circumstances would have used. It is no defense to an action for the breach of a contract that, although the obligor failed to perform it, yet he exercised ordinary care to do so. The very purpose of a promise or of a covenant is to relieve the obligee of all inquiry relative to the care or negligence with which the obligor acts in its fulfillment, and to impose upon the latter the absolute obligation to perform it. Nothing less than full performance satisfies the undertaking. The obligation of a promise or of a covenant to pay a debt or to do an act is not to use ordinary care to comply with the terms of the agreement, but it is to perform it; and, in an action for its breach, it is not material what care the obligor used, or what negligence he was guilty of, in his endeavor to fulfill it. The only question is, did he perform his contract? Guarantee Co. v. Mechanics', etc., Co., 183 U. S. 402, 421, 422, 22 Sup. Ct. 124, 46 L. Ed. 253. The covenant of the plaintiff in the case under consideration was to immediately notify the surety company of any failure or inability of the contractor to construct and complete the building at the time and in the manner specified in the contract, and the question was not whether or not, although he failed to give the notice, he had exercised ordinary care to do so, but whether or not he had actually given the notice immediately upon the appearance of the known inability and failure of the contractor to perform his agreement. The circuit court fell into an error when it instructed the jury that the care or negligence of the plaintiff conditioned his right to recover here.

By the stipulation in the contract between Humphreys and the plaintiff which has been set forth above, the contractor agreed "to complete said building by the first day of September, 1901," and that if he failed to complete it by September 15, 1901, he would pay to the plaintiff damages to the amount of $5 for every day from that time until the building was finished. The former date was clearly the time fixed for the completion of the performance of the contract, while the latter was the stipulated day from which the time that measured the liquidated damages which the contractor agreed to pay in case he failed to finish the building by September 15th should commence to run. The two subjects—the time for the completion of the building, and the day from which the time that measured the liquidated damages should be reckoned—were distinct and separate. There was no rule of right or of law that required these times to fall upon the same day. The parties had the undoubted right to agree upon what date each should fall. They exercised this right, and agreed that the performance of the contract should be completed on September 1, 1901, and that the time which measured the liquidated damages should be computed from September 15, 1901. The courts have no power, by construction or otherwise, to change either of these dates, and thus to make a new contract for the parties, to the effect that the date for the completion of the work shall be on September 15, 1901, or on any other date than on September 1, 1901, where the parties to this agreement placed it by their stipulation. It was error for the court below to charge the jury that the time fixed by the contract for the completion of the building was on September 15, 1901.

The agreed time for the completion of the building was September 1, 1901. At that time the contractor had failed and was unable to perform his agreement in the time and manner there specified, and the plaintiff knew it. The latter had agreed, in such a case, to immediately notify the surety company of these facts, but he failed to do so until September 12, 1901. This failure was a clear breach of his covenants. "Immediately" means without the intervention of other events; forthwith; directly. A notice 11 days after the known failure of a contractor to complete the performance of his agreement is not an immediate notice thereof, and it is not a compliance with the covenant and condition embodied in this contract. Streeter v. Streeter, 43 Ill. 155, 165.

It is said that the question whether or not this notice given 11 days after the known failure of the contractor was an immediate notice was a question for the jury, and was properly submitted for their consideration. There may be cases where the question of the sufficiency of a notice in time and manner of service should be submitted to the consideration of the jury. Cases where the evidence is contradictory—where facts and circumstances are established which render doubtful the question whether or not there has been a fair compliance with the provisions of the contract in this regard—may authorize this course of procedure. But there is nothing of this character in the case in hand. The act of giving the notice was a simple one. Its performance required nothing but the mailing

of a writing containing the notice. It could have been performed as well on September 1, 1901, as upon any later day, and its performance would have required less than one hour of time. No facts or circumstances are established to excuse the delay. Under these circumstances, there is no question for the jury, because the evidence conclusively shows that the plaintiff did not immediately notify the surety company of the failure of the contractor when he first learned that fact.

It is earnestly contended that the failure to give this notice, to the effect that the contractor "will not be able  *  *  *  to carry out or perform the contract," has no reference to the time of performance, and is immaterial in this action, because by another provision of the bond the surety company is exempted from liability for any delay in the completion of the building unless this delay was caused by the contractor without reasonable excuse, purposely, and premeditatively, and there is no evidence in the record of any such delay. There are, however, other reasons than liability for delay, simply, which rendered this stipulation, and its evident application to the time of performance of the contract for the construction of the building, important and beneficial to the surety company. The bond provided that this company should have the right upon receipt of this notice to immediately take possession of the building, to complete the work, and to receive all moneys due or to become due under the contract of construction. It is neither impossible nor improbable that a notice of the failure of this contractor given to the defendant on September 1, 1901, eight days before he absconded, and its exercise of this right, or its opportunity to confer with the contractor before he fled, might have enabled it to complete the undertaking of its principal with much less expense than that which has now been entailed by a renewal of the work after the contractor had gone, and after the work had been necessarily interrupted. Moreover, it is not indispensable to the validity or to the enforcement of this plain covenant of the obligee—this condition precedent to the liability of the defendant under the bond—that the latter should either establish its beneficence or its materiality, or that it should show that it has sustained injury from the failure to fulfill it. Parties to agreements have the right and the power to contract that things immaterial as well as things material shall be the subjects of their warranties, or of conditions precedent to their respective liabilities, and their contracts in the one case are as legal and binding as in the other. The all-sufficient, the conclusive, answer to the suggestion that the subject of the warranty or of the condition precedent is immaterial, and its breach without effect, is that the parties had the right to agree and they have contracted otherwise. The immateriality of a warranty or of a condition precedent made by the agreement of the parties, and the innocuousness of a failure to perform it, do not nullify or mitigate the fatal effect of the failure prescribed by their contract. Rice v. Fidelity & Deposit Co., 103 Fed. 427, 430, 432, 43 C. C. A. 270, 273, 275; Indemnity Co. v. Wood, 19 C. C. A. 264, 73 Fed. 81, 84; American Credit Indemnity Co. v. Carrollton Furniture Mfg. Co., 36 C. C. A. 671, 95 Fed. 111, 113; Jeffries v.

Insurance Co., 22 Wall. 47, 54, 22 L. Ed. 833; Insurance Co. v. France, 91 U. S. 510, 512, 23 L. Ed. 401; Anderson v. Fitzgerald, 4 H. L. Cas. 483, 487; Cazenove v. Assurance Co., 6 C. B. (N. S.) 437, 450, 451, 6 Jur. (N. S.) 826; Price v. Insurance Co., 17 Minn. 497 (Gil. 473), 10 Am. Rep. 166.

The parties to this bond agreed that the failure, neglect, or refusal of the obligee to fully perform any matter or thing in this bond stipulated to be done, kept, or performed by him, at the time and in the manner specified, should relieve the company from all liability under it. On September 1, 1901, the principal of the bond was not able to carry out or perform the contract of construction which he had made with the plaintiff, and he had neglected and failed to complete the building upon that day, when, by the terms of his contract, he had agreed to finish it. The plaintiff had covenanted with the surety company in the bond that in the event of such inability or failure he would immediately notify the defendant, in writing, of that fact. He failed to fulfill this condition precedent to the liability of the company. That company was the surety of the contractor. If a condition of the liability of a surety known to the obligee is not complied with, the surety is discharged. Rice v. Fidelity & Deposit Co., 103 Fed. 427, 432, 433, 43 C. C. A. 270, 276; 2 Brandt, Sur. § 403; Jones v. Keer, 30 Ga. 93, 95; Cunningham v. Wrenn, 23 Ill. 64, 65; Lynch v. Colegate, 2 Har. & J. 34, 37; Holl v. Hadley, 4 Nev. & M. 515, 520; Bonser v. Cox, 4 Beav. 379, 384; U. S. v. Hillegas, 3 Wash. C. C. 70, 76, Fed. Cas. No. 15,366; Whitcher v. Hall, 5 Barn. & C. 269; Combe v. Woolf, 8 Bing. 156, 161.

Again, this bond contains the mutual covenants of the parties—covenants by the surety company that Humphreys, the principal, should construct the building, and keep it free from liens; covenants by the plaintiff that, if Humphreys was unable or failed to perform the contract in the time and manner therein specified, he would immediately notify the surety, and that the latter might then take the contractor's place. The plaintiff failed to keep his covenant before the surety company had in any way failed to comply with those which it had made. On this account, he cannot enforce the fulfillment of the covenant of the defendant. He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for a subsequent failure on his part to perform. Guarantee Co. v. Mechanics', etc., Co., 183 U. S. 402, 421, 22 Sup. Ct. 124, 46 L. Ed. 253; Imperial Fire Ins. Co. v. Coos Co., 151 U. S. 463, 467, 14 Sup. Ct. 379, 38 L. Ed. 231; Hubbard v. Association, 100 Fed. 719, 40 C. C. A. 665; Seal v. Ins. Co., 59 Neb. 253, 80 N. W. 807; Brady v. Association, 60 Fed. 727, 9 C. C. A. 252; Rice v. Fidelity & Deposit Co., 103 Fed. 427, 433, 43 C. C. A. 270, 276; Cattle Co. v. Martindale, 63 Fed. 84, 89, 11 C. C. A. 33, 38; Norrington v. Wright, 115 U. S. 188, 204, 205, 6 Sup. Ct. 12, 29 L. Ed. 366; Filley v. Pope, 115 U. S. 213, 6 Sup. Ct. 19, 29 L. Ed. 372; Rolling Mill v. Rhodes, 121 U. S. 255, 261, 264, 7 Sup. Ct. 882, 30 L. Ed. 920; Beck & Pauli Lith. Co. v. Colorado Milling & Elevator Co., 52 Fed. 700, 3 C. C. A. 248; King Philip Mills v. Slater, 12 R. I. 82, 34 Am. Rep. 603; Smith v. Lewis, 40 Ind. 98;

Hoare v. Rennie, 5 Hurl. & N. 19; Pope v. Porter, 102 N. Y. 366, 371, 7 N. E. 304; Dwinel v. Howard, 30 Me. 258; Robson v. Bohn, 27 Minn. 333, 344, 7 N. W. 357; Reybold v. Voorhees, 30 Pa. 116, 121; Stephenson v. Cady, 117 Mass. 6, 9; Branch v. Palmer, 65 Ga. 210; Fletcher v. Cole, 23 Vt. 114, 119.

The plaintiff failed to comply with the conditions precedent upon which he knew and upon which he had agreed that the defendant contracted to be bound, and he committed the first substantial breach of the contract between them. On account of these facts, he was not entitled to recover anything of the defendant, under the evidence in this record, and the jury should have been instructed to return a verdict in favor of the surety company.

The judgment below must be reversed, and the case must be remanded to the court below with instructions to grant a new trial, and it is so ordered.