KEMPNER et al. v. GODDARD GROCER CO.

(Circuit Court of Appeals, Eighth Circuit. April 30, 1925.)

No. 6721.

1. Sales ⟺181(11)—Failure of purchaser of sugar to give shipping instructions, excusing seller's nondelivery within time specified, held not established.

Where contract for purchase and sale of sugar, consisting of broker's bought and sold notes, contained definite shipping instructions, which were not revoked or modified, held, failure of buyer to furnish shipping instructions, excusing seller from shipping within time specified by contract, was not established.

2. Sales ⟺88—Failure of court to submit issue whether shipping instructions, in addition to those clearly given in contract, were contemplated, not error.

Where contract for purchase and sale of sugar contained definite shipping instructions, and was free from ambiguity and uncertainty, failure of court to submit to jury questions whether parties intended that shipping instructions other than those contained in contract should be given as condition precedent to shipment by seller was not error.

3. Contracts ⟺176(1)—It is province of court to construe plain terms of written contract and deduce therefrom intent of parties.

It is province of court to construe plain terms of written contract and deduce therefrom intent of parties.

4. Sales ⟺85(2)—Engine trouble, incapacitating refinery, held not to excuse nondelivery of sugar, in absence of evidence showing inability to deliver actually resulted.

Engine trouble, incapacitating seller's refinery, held insufficient to excuse nondelivery of sugar, under provision of contract that seller should not be liable for nondelivery caused by strikes, destruction, or other unavoidable casualty, in absence of evidence that such trouble in fact affected seller's ability to deliver.

5. Contracts ⟺278(1)—He who commits first substantial breach of contract cannot maintain action against other contracting party for subsequent failure to perform.

He who commits first substantial breach of contract cannot maintain action against other contracting party for latter's subsequent failure to perform.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by I. H. Kempner and others, as trustees, against the Goddard Grocer Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Thomas L. Philips, of St. Louis, Mo. (Baker, Botts, Parker & Garwood, of Kansas City, Mo., on the brief), for plaintiffs in error.

John H. Holliday, of St. Louis, Mo. (Samuel W. Fordyce, Jr., Thomas W. White, and Bennett C. Clark, all of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

SANBORN, Circuit Judge. The plaintiffs in this action, who were and are engaged at the city of Sugar Land, in the state of Texas, in refining and selling sugar, in April, 1920, sold to the defendant, a corporation of the state of Missouri doing business in the city of St. Louis, 6,600 bags of refined granulated sugar at specified prices to be delivered in the state of Missouri at places named during the months of May and June, 1920. The Meinrath Brokerage Company, a broker, was authorized by the plaintiffs to sell this sugar for them, and by the defendant to buy this sugar for it, and their contract of sale and purchase is in writing, and is evidenced by the bought and sold notes or memoranda of the contract of sale, and the shipping instructions, duly dated, signed, and sent about April 23, 1920, by the broker to the respective parties in the usual way of making such sales and contracts through brokers. Thorn v. Browne, 257 F. 519, 523, 524, 168 C. C. A. 469; Gettys v. Newburger (C. C. A.) 272 F. 209, 214, 215.

The plaintiffs brought this action to recover $48,769.35 damages for the breach of this contract on the ground that the defendant refused to take and pay for 3,000 bags of this sugar shipped by them to St. Louis and tendered to the defendant at St. Louis in

July and August, 1920. The defendant denied its liability to take or pay for this sugar on the ground that the contract required the plaintiffs to deliver these 3,000 bags of sugar in St. Louis in June, 1920, and they had failed to do so. At the close of the evidence for the plaintiffs, the court, on the request of the defendant, instructed the jury to return a verdict for the latter, and plaintiffs' attorney assigned this ruling as error.

In his brief counsel for the plaintiffs specifies these three alleged errors and no more: First, that the court below gave no meaning or effect to this provision of the contract, "Should buyer fail to furnish shipping directions within specified time, seller to ship as soon thereafter as convenient, and such failure on buyer's part shall not be considered reason for seller canceling, without first asking buyer for shipping directions or necessary specifications"; second, that the court erred in directing the jury to find a verdict for the defendant; and, third, that the court determined itself and failed to submit to the jury the question whether or not the parties to the contract intended that defendant should give to plaintiffs, subsequent to the date of the contract, and within the time or times of shipments set forth therein, shipping directions as a condition precedent to the shipment by plaintiffs to defendant of any or all of the sugar covered by the contract.

[1] The testimony of Mr. Scott, which was uncontradicted, was that he prepared on or about April 23, 1920, the broker's bought and sold notes of the contract and the shipping instructions; that the latter were parts of the same transaction as the former, and were sent to the respective parties to the contract at the same time. The bought and sold notes contained these words: "Should buyer fail to furnish shipping directions within the specified time, seller to ship as soon thereafter as convenient. Seller not liable for nondelivery, if caused by strikes, destruction of refinery, or other unavoidable casualty." And the shipping instructions which were sent with the bought and sold notes to the buyer and seller contained on their right upper corners this statement: "Shipping instructions on contract our No. Imp–60–L." The words, "Shipping instructions on contract our," were in red ink, and "No. Imp–60–L," referred to the broker's order which inspired the sale. On the left lower corner of these shipping directions, in red ink, the sentence quoted above in the statement of the first alleged error appears. These shipping instructions contained clear and express directions, however, that 600

bags of the sugar should be shipped to Hannibal, Mo., 600 bags to Jefferson City, Mo., and 5,400 bags to St. Louis, Mo. Here were clear instructions to ship the entire 6,600 bags to the places above named. The evidence discloses the fact that upon these instructions, without later or more, the plaintiffs did ship the 600 bags to Hannibal, the 600 bags to Jefferson City, and 600 bags to St. Louis on May 1, 1920, and these shipments were received and paid for.

On May 6, 1920, the defendant by letter requested the plaintiffs to send a car of sugar from its purchase for May shipment to Fayetteville, Ark., and they did so, and the sugar in this car was paid for. All the shipments made prior to July 1, 1920, except that to Fayetteville, Ark., were made to the places specified in the original shipping instructions of April 23, 1920, and were promptly paid for. There remained 3,000 bags of the 6,600 bags of sugar, which by the express terms of the written contract the plaintiffs agreed to ship to St. Louis in June, 1920, no part of which was shipped or delivered until after the month of June had expired. As the contract and the shipping instructions of April 23, 1920, expressly provided that this sugar should be shipped to St. Louis, and those instructions were given by the buyer at the time when the contract was made, and long before the time for the shipment expired, and those instructions were never revoked or modified, the conclusion is unavoidable that the buyer did not "fail to furnish shipping directions within specified time," within the meaning of the stipulation, "Should buyer fail to furnish shipping directions within specified time, seller to ship as soon thereafter as convenient, and such failure on buyer's part shall not be considered reason for seller canceling; without first asking buyer for shipping directions or necessary specifications," and the facts of this case failed to bring it within the terms or under the effect of that provision.

[2, 3] Nor was there any error in the failure of the court to submit to the jury the question whether or not the parties to the contract intended that the defendant should give to the plaintiffs, subsequent to the date of the contract and the shipping instructions of April 23, 1920, other shipping instructions as a condition precedent to the shipment by plaintiffs of any or all of the sugar. The contract and the original shipping instructions are free from either ambiguity or uncertainty. The intention of the parties thereby to contract between themselves, then

and there, when and to what places the 6,-600 bags of sugar could be shipped, shines forth therefrom so clearly that a failure of the court to have found and given effect to that intent would have been clear error. It is the province and duty of the court, not that of the jury, to construe the plain terms of a written contract, to deduce therefrom the intention of the parties and to give it effect. Hull Coal & Coke Co. v. Empire Coal & Coke Co., 113 F. 256, 260, 51 C. C. A. 213; Fitzgerald v. First National Bank, 114 F. 474, 477, 52 C. C. A. 276; Kesterson v. La Moine Lumber & Trading Co., 193 F. 355, 359, 113 C. C. A. 279.

[4, 5] The contract of sale contains this clause: "Seller not liable for nondelivery if caused by strikes, destruction of refinery, or other unavoidable casualty." The plaintiffs pleaded that about June 12, 1920, the steam engine supplying power to their refinery broke down; that this was an unavoidable casualty; that it notified the defendant thereof, and of the fact that further shipments of the sugar under the contract would be delayed; that they repaired the engine and were ready to resume shipment of the sugar to the defendant about the 21st day of June, 1920. They also alleged that they notified the defendant that they were ready to resume shipments, and requested of it shipping instructions; but they did not prove that they notified defendant of this casualty at any time, or that they notified it that they were ready to resume shipments, or that they requested shipping instructions until after the expiration of the month of June, the time within which they agreed to deliver the 3,000 bags of sugar.

The clause of the contract here invoked goes no farther than to relieve the plaintiffs from liability for nondelivery on account of the casualty. It does not by its terms or its legal effect extend indefinitely the time within which the parties by their contract agreed that they would, and beyond which they would not, buy or sell any of this personal property. And, however that may be in this case, the evidence as to this casualty was clearly insufficient to excuse the plaintiffs from their failure to deliver any of the 3,000 bags in June, in view of the fact that their refinery was in operation 19 days in that month, that they did not deliver a single bag of the 3,000 bags in that month, that there was no proof and no probability that the casualty they pleaded made it impossible for them to deliver any of this sugar in June, when their refinery was in operation more than two-thirds of the month, and there

was no proof whatever what part, if any, of this sugar they could not, and what part of it they could, have delivered. The result is that their failure to deliver this 3,000 bags of sugar, or any part, in June, constituted the first substantial breach of the contract, and is fatal to the cause of action of the plaintiffs. He who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for the latter's subsequent failure to perform. Cresswell Ranch & Cattle Co. v. Martindale, 63 F. 84, 89, 11 C. C. A. 33; Norrington v. Wright, 115 U. S. 188, 204, 205, 6 S. Ct. 12, 29 L. Ed. 366; Filley v. Pope, 115 U. S. 213, 6 S. Ct. 19, 29 L. Ed. 372; Cleveland-Rolling Mills v. Rhodes, 121 U. S. 255, 261, 264, 7 S. Ct. 882, 30 L. Ed. 920; Rice v. Fidelity & Deposit Co., 103 F. 427, 433, 43 C. C. A. 270; National Surety Co. v. Long, 125 F. 887, 892, 60 C. C. A. 623.

Let the judgment below be affirmed.