[Civ. No. 9421.   First Appellate District, Division One.—January 16, 1935.]

GEORGE W. LAMB, Plaintiff and Appellant, v. BELT CASUALTY COMPANY et al., Defendants; AMERICAN INDEMNITY COMPANY, Defendant and Appellant.

Cooley, Crowley & Supple for Plaintiff and Appellant.

Thornton & Watt and Rolla B. Watt for Defendant and Appellant.

JONES, J., *pro tem.*—This is an action to recover on policies of liability insurance. The plaintiff owned an automobile truck and trailer which he had insured against public liability in different companies. The defendant, American Indemnity Company, appellant herein, issued the policy covering the truck, and the Belt Casualty Company, another of the defendants, issued that covering the trailer. An excess policy on the trailer was also carried with Lloyds of London, also made a defendant in the action through its representative in California. The limits of liability in the policy of the American Indemnity Company were fixed at fifty thousand dollars on account of injuries to one person and one hundred thousand dollars on account of injuries to two or more; in the policy of the Belt Casualty Company, the limits were fixed at five thousand dollars on account of injuries to one person; and ten thousand dollars on account

of injuries to two or more; in the policy of Lloyds of London the limits were fixed at forty-five thousand dollars for injuries to one person, and ninety thousand dollars on account of injuries to two or more, it being provided in this policy, however, that liability should not attach until an admitted or adjudicated liability of five thousand dollars for one injury, or ten thousand dollars for two, had accrued under the primary policy, which was that of the Belt Casualty Company.

On the evening of December 2, 1930, the truck and trailer, heavily loaded, were proceeding along the state highway in the direction of San Francisco. At the time it was dark enough to necessitate the use of lights in driving. The trailer was connected to the truck with a drawbar, the motive force of the truck propelling both truck and trailer. There was also an air brake connection between the truck and trailer by means of which the braking power of the trailer was derived from the truck. Also, the lighting of the trailer was derived from the truck by means of wiring connections with the electric lighting system of the truck.

As the truck and trailer were proceeding along the highway under these conditions, Miss Adele Davis, driving a small coupe and accompanied by a Mrs. Ida Barr, entered the highway from a side road some distance behind the truck and trailer and turned in the same direction. The automobile in which they were riding crashed into the rear end of the trailer which was without lights. After the collision it was found that the lighting wire extending from the truck to the trailer had pulled loose from the plug which was inserted into a socket on the trailer to establish the lighting connection between the two. This was the only apparent defect in the lighting system. Both women were quite severely injured, and each filed suit against the owner of the truck and trailer, the plaintiff herein, on account of the injuries sustained. The cases came on for trial in May, 1931, and a jury found for the plaintiffs in each case. Miss Davis was awarded $7,500, and Mrs. Barr $5,000, for which sums, plus interest and costs, judgments were entered against the plaintiff herein, which he paid. He in turn instituted this action to recover on the insurance policies and obtained a judgment against the American Indemnity Company for $13,301.84, and against the Belt

Casualty Company for $1350.18. From this judgment the defendant, American Indemnity Company, has appealed, and the plaintiff has also appealed.

The appellant, American Indemnity Company, contends that the damage was done by the trailer and not by the truck, and that as its insurance covered only the truck, it cannot be held liable. In this connection attention is called to the indorsement upon its policy permitting the use of a trailer with the truck which reads as follows: "It is understood and agreed that permission is hereby granted for the use of a trailer in connection with the operation of the machine insured under this policy, it being expressly understood and agreed, however, that damage done to or by said trailer is and shall not be construed to be covered hereunder." The appellant's main reliance is upon the language of this indorsement in avoidance of liability. However, the complaint for damages filed by Mrs. Barr against the plaintiff herein alleges the ownership by him of the truck and trailer, and that C. Kasheroff, as his agent, "carelessly and negligently stood and operated and maintained said truck and trailer, and without lights or warning thereof, in and upon said public highway, and obstructed the passage of vehicles passing or traveling in a southerly direction thereon, and as a proximate result of the carelessness and negligence of defendants aforesaid, the automobile then and there being driven by said Adele Davis, as aforesaid, collided with the truck and trailer of defendants, injuring and damaging the plaintiff in the following particulars, to-wit", etc.

The complaint filed by Adele Davis contains substantially the same allegations of ownership and negligence and also alleges that "the plaintiff's automobile collided with the truck and trailer of the defendants as aforesaid, injuring and damaging the plaintiff", etc.

These complaints allege negligent operation of the truck as well as the trailer, and that the negligent operation of both resulted in injuries to the plaintiffs, and a trial was had upon these issues. By returning general verdicts awarding damages to the plaintiffs, Davis and Barr, the jury in each case impliedly found that both truck and trailer were at the time of the accident being operated negligently and that the negligent operation of the truck, as well as the trailer, contributed proximately to the injuries complained

of and to the damage of the plaintiffs in the amounts awarded. (24 Cal. Jur. 893.)

The general indemnity provisions of the policy are contained in sections A and B thereof, and are to the effect that the appellant American Indemnity Company does insure the plaintiff against loss from such of the perils as are described in the "Schedule of Perils", contained in the policy for which a specified premium charge is indicated, within the limits hereinbefore stated. Liability for injury to others is one of the perils so indicated and is defined in the schedule of perils as the "Legal liability imposed by law upon the Assured for damages on account of bodily injuries . . . caused by the ownership, maintenance or operation of the automobile described herein, accidentally suffered or alleged to have been suffered while this policy is in force", etc.

In addition the policy contains a provision embodied in the general conditions under the caption "Indemnity For Loss", which reads: "The Company hereby agrees to defend in the name of and on behalf of the Assured any suits, even if groundless, brought against the assured to recover damages on account of such happenings as are provided in the Property Damage and Liability Peril Clauses herein, and to pay irrespective of the limits of liability herein expressed all costs taxed against the Assured in any legal proceedings defended by the Company, all interest accruing after entry of judgment upon such part thereof as shall not be in excess of the liability limits herein specified, and the expense incurred for such first medical aid as shall be imperative at the time of any accident together with all the expense incurred by the Company growing out of the investigation of such an accident, the adjustment of any claim or the defense of any suit resulting therefrom. The Company reserves the right to settle or defend, as the Company may elect, any such suit or claim brought against the Assured, but it shall never, under any circumstances, be liable to the Assured for any failure, neglect, wrong judgment or lack of care or diligence of the company or any of its representatives, in failing or refusing to settle any such suit or claim. In no event and under no circumstances shall the Company's liability, either under this Policy or as agent or representative of the Assured, exceed the limits of liability

set out in Paragraphs C–5 and C–6 of the Perils insured against on Page 1 of this Policy.''

Upon the happening of the accident on December 2, 1930, the said appellant was immediately notified, and after an investigation of its own, denied liability. From this time on it did nothing by way of advising the insured in regard to the defense or settlement of the claims of Davis and Barr, until about April 15, 1931, when, in consonance with its denial of liability, it refused to accept a copy of the summons and complaint which were served on the plaintiff on that date, its superintendent of claims stating that the company was not interested. In the case of *Interstate Casualty Co.* v. *Wallins Creek Coal Co.*, 164 Ky. 778 [176 S. W. 217, L. R. A. 1915F, 958], wherein, as here, the insurer in its policy reserved the right to exercise complete control over any suit filed against the insured for damages, it was held that inaction on the part of the insurer and refusal to advise or direct the insured as to what it wished done with respect to pending litigation for a period of approximately three months constituted in effect a denial of its liability, and warranted the insured in proceeding on the assumption that the insurer would further refuse to recognize liability. Not only does such an implied denial of liability appear in the case before us, but the appellant expressly denied its liability and refused to defend.

In determining whether or not the appellant was bound to defend, its denial of liability and refusal to defend, based upon its own investigation of the facts in the case, are to be disregarded. The language of its contract must first be looked to, and next, the allegations of the complaints in each action for damages against the insured. The complaints clearly allege damages resulting from an alleged negligent operation of the truck, and the policy in unmistakable language binds the insurer to defend every such action even though the same be groundless. (*Greer-Robbins Co.* v. *Pacific Surety Co.*, 37 Cal. App. 540 [174 Pac. 110].

The denial of liability on the part of the insuring company and its refusal to defend the suits constituted such a breach of the contract that the insured was released from his obligation to leave the management thereof to it, and was justified in proceeding to defend on his own account. (*Greer-Robbins Co.* v. *Pacific Surety Co., supra; Antichi* v.

*New York Indemnity Co.,* 126 Cal. App. 284 [14 Pac. (2d) 598]; *St. Louis Dressed Beef & Provision Co.* v. *Maryland Casualty Co.,* 201 U. S. 173 [26 Sup. Ct. 400, 50 L. Ed. 712]; *Butler Bros.* v. *American Fidelity Co.,* 120 Minn. 157 [139 N. W. 355, 44 L. R. A. (N. S.) 609].) It is immaterial that the actions were defended by the other insurer, the appellant having refused to defend.

■ The law is well settled that, where one is bound either by law or agreement to protect another from liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the suit and an opportunity to control and manage it. (*Butler Bros.* v. *American Fidelity Co., supra;* citing *Swansey* v. *Chace,* 16 Gray (82 Mass.), 303; *Kansas City M. & B. R. Co.* v. *Southern R. News Co.,* 151 Mo. 373 [52 S. W. 205, 74 Am. St. Rep. 545, 45 L. R. A. 380]; *Southern R. News Co.* v. *Fidelity & C. Co.,* 26 Ky. Law Rep. 1217 [83 S. W. 620]; *Minneapolis Mill Co.* v. *Wheeler,* 31 Minn. 121 [16 N. W. 698].) This doctrine also finds support in the following California cases: *Greer-Robbins Co.* v. *Pacific Surety Co., supra; Antichi* v. *New York Indemnity Co., supra; Kruger* v. *California Highway Indemnity Exchange,* 201 Cal. 672 [258 Pac. 602]. The judgment recovered in such a case is the mode by which the insured proves to the insurer that the intrinsic character of the accident was such that he was liable for the consequences of it, and the judgment is conclusive evidence that the insured was liable, and to the extent of the amount of the judgment. (*Butler Bros.* v. *American Fidelity Co., supra; Ross* v. *American Employers' Liability Ins. Co.,* 56 N. J. Eq. 41 [38 Atl. 22].)

■ On the other hand, where there is no trial and no judgment establishing the liability of the insured, but a settlement of the litigation has been made, the question whether the liability of the insured was one which the contract of insurance covered is still open, as is also the question as to the fact of liability and the extent thereof, and these questions may be litigated and determined in the action brought by the insured to recover the amount so paid in settlement. The settlement, or a judgment rendered upon a stipulation of such a settlement, becomes presumptive evidence only of the liability of the insured and the amount thereof, which presumption is subject to being over-

come by proof on the part of the insurer. (*Butler* v. *American Fidelity Co., supra; St. Louis Dressed Beef & Provision Co.* v. *Maryland Casualty Co., supra.*) We are, however, not confronted with any question of settlement, or stipulated judgment, in this case.

█ The judgments establish the liability of the insured arising out of the operation of both the truck and the trailer, and are conclusive as against the insurer on each vehicle, but do not express the proportion of the liability which each insurer is obliged to meet.

█ The peril insured against here is the liability of the insured arising out of injuries to another caused in whole or in part by the truck in the one case, and in whole or in part by the trailer in the other. In the case of injuries caused in part by either truck or trailer a liability on the part of the insured would ensue and the insurance on the particular vehicle be called into operation. Where, as is alleged in the damage actions against the plaintiff, the same injuries are caused by the concurrent operation of the truck and trailer, and wholly by the two, the peril is the same as to each. In such a case the liability relates from the injury back through each instrumentality to the owner, or, stated in another way, when the owner through the media of two different instrumentalities inflicts injuries on another from which a liability arises against which he is insured as to each instrumentality, the operation of the instrumentalities being joint, as here, each is responsible for the whole of the damage caused, and the insurance on each may be applied to the satisfaction of the whole of the owner's liability. The situation is different from those cases where insurance is carried against the peril of loss by fire in one company and against the peril of loss by collision in another, or of some other peril in a separate company. In such cases the insurer becomes liable only for the loss occasioned by the particular peril insured against.

█ The total liability of the insured on account of the judgments in the two damage actions amounted to $14,-632.07. In the absence of other insurance the American Indemnity Company would be liable to indemnify the insured in this amount on the one hand, and the Belt Casualty Company and Lloyds of London on the other. The assured, however, having contracts of insurance with different companies insuring against the same liability, the provisions of

the policies relating to such situations must be looked to and the liability be apportioned according to the contracts.

The policy of the American Indemnity Company contains the following provision: "No recovery shall be had under this policy if at the time a loss occurs there be any other insurance, whether such other insurance be valid and/or collectible or not, covering such loss, which would attach if this insurance had not been effected; provided, if the assured carries a policy of any other insurer covering concurrently a claim covered by this policy under property damage and/or liability peril clauses herein he shall not recover from the Company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of such valid and collectible concurrent insurance."

The provisions of the policy of the Belt Casualty Company with reference to other insurance are as follows: "If the named assured has any other insurance applicable to a claim covered by this policy, the company shall not be obliged under this policy to pay a larger proportion of or on account of any such claim than the limit of the Company's liability under this policy, applicable to such claim, bears to the total corresponding limits of the whole amount of valid and collectible insurance. If any other person, firm or corporation included in this insurance is covered by valid and collectible insurance against the claim also covered by this policy, the said other person, firm or corporation shall not be entitled to protection under this policy."

The policy with Lloyds of London provides: "It is expressly agreed that the underwriters hereon shall be liable only for the excess of loss over $5000.00 ultimate net loss in respect of any one person and $10,000.00 ultimate net loss in respect of each and every accident or series of accidents arising out of one occurrence and then only up to $45,000.00 of excess in respect of any one person and $90,000.00 of excess in respect of each and every accident or occurrence, it being understood, however, that there is no limit to the number of accidents for which claims may be made hereunder, provided such accidents occur during the currency of this policy.

"It is further understood and agreed that liability under this policy in respect of any accident or occurrence shall not attach unless and until the primary insurer shall have ad-

mitted liability for the first $5000.00 in respect of any one person or $10,000.00 in respect of any one accident under its said policy, or unless or until the assured has by final judgment been adjudged to pay the said sum of $5000.00 in respect of any one person or $10,000.00 in respect of any one accident.

. . . . . . . . . . . . . .

"It is the intention of the parties that under this policy the assured is to be indemnified up to $45,000.00 in respect of any one person and $90,000.00 in respect of any one accident as aforesaid, against all liability in excess of the liability of the primary insurer under its said policy."

By reason of the fact that the American Indemnity Company insured against the liability concurrently with the Belt Casualty Company within the limits of its policy, the policy of Lloyds of London never attached and its insurance never became collectible insurance within the meaning of the other two policies. This leaves only the policies of the American Indemnity Company and of the Belt Casualty Company to be considered, each of which provides that the liability thereunder shall be that proportion of the total liability which the limit of the policy bears to the whole amount of such collectible insurance. The trial court applied this method in apportioning the liability, which method we hold to be correct.

The plaintiff not being aggrieved by the judgment is not in a position to prosecute his appeal.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1935, and an application by defendant and appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1935.