[Civ. No. 22574.   First Dist., Div. Three.   Feb. 7, 1966.]

BIGGE DRAYAGE COMPANY, INC., et al., Plaintiffs and Appellants, v. NATIONAL INDEMNITY COMPANY et al., Defendants and Respondents.

D. Ralph Cesari and Andre V. Tolpegin for Plaintiffs and Appellants.

Sedgwick, Detert, Moran & Arnold, John S. Howell and Richard A. Hyde for Defendants and Respondents.

DRAPER, P. J.—A tractor owned by one party and a trailer owned by another were used in combination as a hauling unit, but the liability insurance policies of the separate owners were neither combined nor correlated. This declaratory relief action between the two insurers resulted when the unit caused bodily injury.

Plaintiff Bigge, a common carrier, owned a commercial trailer. Coplaintiff Transport Indemnity insured Bigge for bodily injury liability arising from ownership or operation of any automobile, and included a trailer or semi-trailer in its definition of "automobile." Anderson, a codefendant, owned a tractor, and was insured by defendant National Indemnity against bodily injury liability arising out of its ownership or operation. Anderson leased his tractor to Bigge. By endorsement of the Anderson policy, National agreed that Bigge be an additional assured as to the use of "automobiles leased or rented" by Anderson to Bigge, and also agreed that as to Bigge, this coverage should be primary, with any other coverage available to Bigge to be excess. Bigge then employed Anderson to drive a rig composed of the tractor he had leased to Bigge, towing the Bigge trailer. The unit collided with a vehicle driven by one Hulsey, who was injured and sued both Bigge and Anderson. Hulsey alleged that he was injured by negligent operation of both tractor and trailer, and the trial court here found that both tractor and trailer struck the Hulsey vehicle. The two insurers disputed liability, and this action followed. Hulsey's claim has now been settled, and the sole issue here concerns the

respective liabilities of the insurers. The trial court held that they should share equally the costs of defense and settlement. Plaintiffs appeal.

▮ Transport concedes that its policy covers liability resulting from operation of Bigge's trailer. It relies, however, upon its policy clause providing that if there be other insurance Transport's coverage shall be excess only.

This argument fails because there is no "other insurance" covering operation of the trailer. Anderson's policy with National describes the truck, not the trailer, and its definition of "automobile" (the sole subject of its coverage) does not extend to a trailer of the commercial type here involved.

Transport points to the National endorsement making its coverage of Bigge primary. But the endorsement specifically applies only to "automobiles" leased or rented by Anderson to Bigge. The trailer was not so leased, nor was it an "automobile" under the policy definition. The endorsement superseded the policy only as to "coverage afforded" by the endorsement.

Hulsey's injury was caused by operation of tractor and trailer as a unit. As to Hulsey, Anderson is liable for his negligence, and Bigge on the principle of *respondeat superior*. If there be a division of responsibility to Hulsey as between the two vehicles, the responsible parties are jointly liable for the entirety of Hulsey's damage (*Lamb* v. *Belt Casualty Co.*, 3 Cal.App.2d 624, 632 [40 P.2d 311]).

We conclude that the injury to Hulsey was caused jointly by the separately owned and insured tractor and trailer, and that the trial court properly determined that the two insurers should share the joint liability.

In their opening brief, appellants asserted that the liability should be shared on a pro-rata basis, i.e., each insurer paying in the proportion that its policy limits bear to the total limits (*Lamb* v. *Belt Casualty Co., supra,* 3 Cal.App.2d 624, 632-634). This view seems to be abandoned in appellants' closing brief. In any event, the record gives us no basis for pro-rating. Appellants failed to offer the page of Transport's policy which would show its limits. The opening brief pointed to an endorsement required by the Public Utilities Commission of all certificated carriers. But this endorsement refers only to a minmum requirement of the commission. It does not purport to state the actual policy limits. This is demonstrated by the National policy, which specified a limit of $100,000 but also carries a PUC endorsement for $25,000.

944

Appellants have not given us a record upon which pro-rata liability could be determined, and we thus do not reach the issue.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.